UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
                                                                                     :

IN RE:                                                         :          15-CV-9971 (JMF)

MOTORS LIQUIDATION COMPANY,          :
     f/k/a General Motors Corporation,          :          MEMORANDUM OPINION
                                                         :          AND ORDER
                          Debtors.                 :
                                                         :
----------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      This appeal, from the United States Bankruptcy Court for the Southern District of New York, raises the question of whether a party who has assigned all interests in her claims can thereafter seek relief in the same case under Rule 60(b) of the Federal Rules of Civil Procedure. Appellant Doris Phillips is the widow of Adam Powledge, who died — along with the couple's four children — in a tragic car accident in October 2005. (*See* Br. Appellant (Docket No. 12) ("Appellant Br.") 4). In 2007, Phillips filed a lawsuit relating to the accident against General Motors Corporation ("Old GM"), which had manufactured the 2004 Chevy Malibu that Powledge had been driving. (*See id.* at 5). That case was ultimately settled in August 2010, but not before Old GM had declared bankruptcy. (*See id.* at 5-7). Under the settlement, Phillips's claim was treated as an allowed general unsecured claim against Old GM in the amount of $2.7 million; in exchange, she disclaimed her right to bring any other claims, whether known or unknown, against Old GM. (*See id.* at 7; App. Br. Appellee General Motors LLC (Docket No. 14) ("App.") 407-408). Eleven days later, Phillips sold her claim, assigning it to Dover Master Fund II ("Dover") for an undisclosed sum. Pursuant to the terms of the assignment agreement (the "Assignment"), Phillips sold to Dover, "without limitation," "all rights, title and interest" in her "Claim," which includes her proof of claim and the settlement with Old GM and "all other

claims, causes of action . . . and other rights arising under or relating to any of the foregoing." (App. 800, ¶ 2). Further, the Assignment provided that any future payment "with respect to or relating to the Claim" was Dover's property and that Dover obtained the "full authority to do all things necessary to enforce or compromise the Claim." (*Id.* at 802-03, ¶¶ 8, 10).

In February 2015, Phillips filed a Rule 60(b) motion asking the Bankruptcy Court to set aside the settlement agreement so that she could seek additional money from Old GM and bring a new action against General Motors LLC ("New GM"), the company that emerged from Old GM's bankruptcy. (*See* Appellant Br. 6-7). Rule 60(b) provides, in relevant part, that, "[o]n motion and just terms," a court "may relieve *a party or its legal representative* from a final judgment, order, or proceeding" for any of six reasons. Fed. R. Civ. P. 60(b) (emphasis added). Phillips argued that she should be permitted to bring claims for fraud against both Old GM and New GM based on Old GM's failure to produce responsive documents during discovery in the underlying action. (*See* Appellant Br. 6-7). By Opinion dated June 8, 2015, the Bankruptcy Court (per former Bankruptcy Judge Robert E. Gerber) denied Phillips's motion. *See In re Motors Liquidation Co.*, 533 B.R. 46 (Bankr. S.D.N.Y. 2015). To the extent relevant here, Judge Gerber held that, by reason of the assignment to Dover, Phillips was no longer "a party or party's legal representative" and that she was therefore barred from seeking relief under Rule 60(b) and lacked standing. *See id.* at 51-52. Phillips now appeals that decision; New GM and Old GM's General Unsecured Creditors Trust ask the Court to affirm. (*See* Docket Nos. 1, 13, 15).

Upon review of the parties' briefs, the Bankruptcy Court's order denying Phillips's motion is AFFIRMED, substantially for the reasons set forth in Judge Gerber's well-reasoned opinion. By its terms, a Rule 60(b) motion for relief from a final judgment or order can be brought only by "a party or its legal representative." Fed R. Civ. P. 60(b). Here, although Phillips was originally a party to the bankruptcy proceedings by virtue of her claim, she was no

longer a party to those proceedings at the time she sought Rule 60(b) relief by virtue of the Assignment.  Put simply, Phillips had executed a comprehensive agreement that assigned the entirety of her claim in the bankruptcy proceeding, as well as any other related claims or causes of action, to Dover.  Contrary to Phillips's suggestion (Appellant Br. 7), the Assignment plainly gave Dover not just the unsecured interest Phillips received as part of the settlement agreement, but also all rights related to her claims in the bankruptcy proceeding.  And not only did Phillips assign to Dover all rights and interests associated with her claims, but she also promised to file no other proof of claim in the bankruptcy proceedings.  (App. 801).  That "unequivocal and complete assignment extinguishe[d]" all of Phillips's interests in the bankruptcy case and left her "without standing to sue."  *Aaron Ferer & Sons Ltd. v. Chase Manhattan Bank, Nat'l Ass'n*, 731 F.2d 112, 125 (2d Cir. 1984); *see also Digizip.com, Inc.v . Verizon Servs. Corp.*, No. 14-CV-1741 (GWG), 2015 WL 1283676, at *7-8 (S.D.N.Y. Mar. 20, 2015).

      Phillips's counterarguments are unpersuasive.  First, she contends that, notwithstanding the broad language of the Assignment, she did not assign her fraud claims because New York law requires an assignment of fraud claims to be explicit. (*See* Appellant Br. 11-12).  It is well established under New York law, however, that "[n]o specific words are required" to transfer a fraud claim; instead, an assignment of fraud claims can be accomplished via "some explicit language evidencing the parties' intent to transfer broad and unlimited rights and claims." *Commonwealth of Penn. Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley & Co.*, 25 N.Y.3d 543, 550-51 (2015).  The Assignment here clearly and unmistakable evinces "the parties' intent to transfer broad and unlimited rights and claims," as it provides that Phillips assigned to Dover all of the "rights, title and interest" in her proof of claim as well as "all other claims, causes of action . . . and other rights arising under or relating to" that claim. (App. 800).  As the Second Circuit and district courts within the Circuit have made clear, that language is sufficiently

3

"explicit" to reflect an assignor's intent to transfer fraud claims.  *See Banque Arabe et Internationale d'Investissement v. Md. Nat'l Bank*, 57 F.3d 146, 152 (2d Cir. 1995) (holding that an assignment transferring "all of [the sellers] rights and interest in the transaction" was "sufficient to effect the assignment of tort claims based on fraud"); *see also, e.g.*, *Abu Dhabi Commercial Bank v. Morgan Stanley & Co.*, 888 F. Supp. 2d 478, 485 (S.D.N.Y. 2012) (holding that "all rights, title, and interest" language conferred standing on the assignee of a fraud-based tort claim); *ACLI Int'l Commodity Servs., Inc. v. Banque Populaire Suisse*, 609 F. Supp. 434, 444 (S.D.N.Y. 1984) (holding that language transferring "all rights, claims and causes of action" "reflect[ed] an intention to transfer all causes of action – including any for fraud").

Alternatively, Phillips contends that, even if she is no longer a "party" to the bankruptcy proceeding by reason of the Assignment, she possesses standing to seek relief under Rule 60(b) because she is "sufficiently connected" to the action. (Appellant Br. 16-18). But the Second Circuit has "extended standing under Rule 60 to non-parties only twice" — in *Grace v. Bank Leumi Trust Co.*, 443 F.3d 180 (2d Cir. 2006), and *Dunlop v. Pan Am. World Airways, Inc.*, 672 F.2d 1044 (2d Cir. 1982) — and in each instance it "expressly limited its holding to the facts" at issue. *In re Britannia Bulk Holdings Inc. Sec. Litig.*, No. 08-CV-9554 (DLC), 2010 WL 446529, at *2 (S.D.N.Y. Feb. 9, 2010); *see also Baker v. Gates*, — F. App'x — , 2015 WL 9461824, at *2 (2d Cir. 2015) (summary order) ("These extensions of Rule 60(b) are so factually cabined that we have summarily refused to construe *Dunlop* or *Grace* to reach more broadly."). The facts of this case — involving a former party who voluntarily relinquished her rights in exchange for an undisclosed sum — are not even remotely analogous to those of *Dunlop* or *Grace*, so Phillips's reliance those cases is unavailing. *See Grace*, 443 F.3d at 188 (holding that, where plaintiffs enter into a settlement agreement with a judgment-proof, *pro se* defendant with the intent to use that agreement as a predicate for a fraudulent conveyance action against a third party, the third

4

party has standing to bring a Rule 60(b) motion); *Dunlop*, 672 F.2d at 1051 (holding that employees alleging age discrimination had standing to seek amendment of a judgment obtained by the Department of Labor because the judgment unintentionally barred those employees' state law claims).[1]

As sympathetic as Phillips's situation is, the Court is compelled to conclude that the Bankruptcy Court properly denied her Rule 60(b) motion and certainly did not abuse its discretion in doing so. *See, e.g.*, *Manning v. N.Y. Univ.*, 299 F.3d 156, 162 (2d Cir. 2002) (holding that a bankruptcy court's denial of a Rule 60(b) motion is reviewed for abuse of discretion). Accordingly, the order of the Bankruptcy Court is AFFIRMED.[2]

The Clerk of Court is directed to close this case.

SO ORDERED.

Date: June 21, 2016
      New York, New York

JESSE M. FURMAN
United States District Judge

---

[1] Phillips also attacks the Bankruptcy Court for observing that, were it to grant her Rule 60(b) motion, she would receive a double recovery. (Appellant Br. 12-16). Relying on *Slotkin v. Citizens Casualty Co. of New York*, 614 F.2d 301 (2d Cir. 1979), Phillips contends that the Bankruptcy Court's view was erroneous because the payment she received from Dover was compensation only for the fixed amount of the unsecured claim she had received in the settlement. (*Id.* at 12-13). But the Bankruptcy Court's observation was *dictum*. And in any event, as already discussed, the Assignment (and the compensation Phillips received for it) contemplated more than just the settlement payment; it expressly included any and all possible future claims Phillips might have in the bankruptcy proceeding as well. (*See* App. 800). The Bankruptcy Court therefore reasonably concluded that the compensation Phillips had received in exchange for the assignment reflected the possibility (however slim) that Phillips might have other claims against GM, known or unknown, that were not raised in the underlying action.

[2] The Court need not and does not reach Appellees' alternative arguments for affirming the order of the Bankruptcy Court. (*See* Br. Appellee General Motors LLC (Docket No. 13) 14-16, Br. Appellee Wilmington Trust Co. (Docket No. 15) 24-37).